Matter of the Judicial Settlement of the Account of PHOEBE A. D. BOYLE, as Executrix and Trustee, and WILBOR F. RANDALL, as Administrator with the Will Annexed and Trustee under the Last Will and Testament of JOHN BOYLE, Deceased.

(Surrogate's Court, Kings County, March, 1917.)

Trustees — accounting by — trusts — wills — what disbursements by trustee chargeable to income.

The rule is that taxes, repairs and other items strictly for the preservation of the subject matter of a trust are to be paid from the income unless it be exonerated by the expression or intimation of the will.

The disbursements of a trustee for premiums upon a bond given by him pursuant to the decree of his appointment and for the rent of a safe deposit box leased under the direction of the court are chargeable to income.

Misc.]    Surrogate's Court, Kings County, March, 1917.

PROCEEDING upon the judicial settlement of the account of executors and trustees.

Strauss, Reich & Boyer, for accountants.

Benjamin H. Newell, special guardian of John Boyle Bell, an infant remainderman.

Lawrence S. Coit, special guardian of Dorothy Hortense Elger, an infant remainderman.

KETCHAM, S.    This accounting presents the question whether the disbursements of a trustee for premiums upon a bond given by him pursuant to the decree of his appointment and for the rent of a safe deposit box leased by him, under direction of the court, are chargeable to the income, which is payable to a beneficiary for life, or to the principal which is devised in remainder.

The rule  as to taxes, repairs and other items strictly for the preservation of the subject of the trust is that they are to be paid from the income, unless it be exonerated by the expression or intimation of the will. *Spencer* v. *Spencer,* 219 N. Y. 459, and cases cited at page 465.

Just expenditures made to assure the safety of the securities of a trust do not differ from ordinary repairs upon real estate, expenses of watchman or caretaker or other outlays solely made to keep the premises substantially as they are.

One to whom personal property is bequeathed for life is required to give security for the safe delivery of the property to the remainderman.  None can doubt that the legal life tenant in such case must bear the expense attending the giving of such security.  The duty of the trustee to pay taxes and repairs from the

income has been likened to the duty of the legal life tenant in the cases from which the rule *supra* is taken.

While no authority is found expressly relating to items such as are herein involved, the present question seems to fall within the reason and, therefore, the control of the practice approved in the cases to which reference has been made.

The surrogate is informed that the surrogates of New York county hold items such as those presented in this case to be chargeable upon income, although the subject has not been determined upon argument before them.

The will at bar is silent as to the disposition of these charges or any of like nature and they must fall upon the income.

Decreed accordingly.