In the Matter of the Judicial Settlement of the Accounts of ROBERT OWEN FROST, as Administrator de Bonis Non, with the Will Annexed, etc., of JESSE OWEN, Deceased.

ROBERT OWEN FROST, as Administrator, Appellant; EMILY P. OWEN, Respondent.

Third Department, November 13, 1918.

Trusts and trustees — executors and administrators — cost of administrator's surety bond charged to income.

The entire cost of a surety bond of an administrator *de bonis non* with the will annexed is a charge upon the income of the trust estate involved; no part is chargeable against the corpus of the estate.

LYON, J., dissented.

APPEAL by Robert Owen Frost, as administrator, from so much of a decree of the Surrogate's Court of the county of Chemung, entered in the office of said Surrogate's Court on the 29th day of May, 1918, as charges fifty-seven dollars and fifty cents, one-half the cost of a surety bond, against the principal of a trust fund.

*Babcock & Gregg* [*William W. Gregg* of counsel], for the appellant.

*Stanchfield, Lovell, Falck & Sayles* [*Henry B. Collin* of counsel], for the respondent.

WOODWARD, J.:

The administrator *de bonis non*, with the will annexed, Robert Owen Frost, petitioned the Surrogate's Court for a judicial settlement of his account, and for the appointment of a successor, to enable him to discharge his duties in the

military service of the United States. The only persons interested in this estate are the petitioner, his sister Emily Frost Curtiss (who is to become his successor) and the respondent, Emily B. Owen, who is the life tenant of the estate. The parties all appeared in the proceeding, and counsel for the respondent objected to the item in the account of $115, the premium on the surety company bond taken out by the administrator under a previous order of the court. The learned surrogate, after hearing the case, decided all of the matters involved, and charged one-half of the premium to the principal of the trust fund involved, and the remainder to the income of the fund. The petitioning administrator appeals from so much of the decree as charges any portion of the cost of this bond to the *corpus* of the estate, and this is the only question involved in this appeal.

The controversy is in reality between the life tenant and the remainderman; the learned surrogate has, apparently, attempted to apply some more or less definite conceptions of equity, and we are to determine whether there was warrant for such a division of the expense of administration. There is no question here that the cost of the bond is a legitimate expense of administration; all parties seem to concur in this, and the learned counsel for the respondent cites us to the case of *Woodruff* v. *N. Y., L. E. & W. R. R. Co.* (129 N. Y. 27, 30) as authority for his contention that not only one-half but all of the cost of this bond should have been charged against the capital, rather than the income, of the fund. Counsel quotes the words that " it is a cardinal principle in the disposition of trust estates, that the trust fund shall bear the expenses of its administration," but neglects to complete the sentence, by the addition of the words used by the court, " and that one who successfully conducts a litigation *in autre droit*, for the benefit of a fund, shall be protected in the distribution of such fund for the expenses necessarily incurred by him in the performance of his duty." This obviously gives a very different meaning from that which the respondent attempts to draw from the determination of the court. " The object of this proceeding," as the court say in the quoted case, " was to obtain certain allowances out of a fund in court for the plaintiff's services and expenses in

prosecuting certain litigations resulting in the creation of such fund," and, of course, the language used by the court is to be construed in relation to the question then before the court. Principles are not established by what was said, but by what was decided, and what was said is not evidence of what was decided, unless it relates directly to the question presented for decision (*People ex rel. Metropolitan St. R. Co.* v. *Tax Comrs.*, 174 N. Y. 417, 447), and obviously the court did not have under consideration any question as between the *corpus* of a fund and the income from such fund. A trust fund then in the hands of the court, consisting of property which had been recovered in litigation for the benefit of the owners of the fund, was sought to be charged, and the court held that this might be done. The trust fund, in such a case, would be the capital and any income it might have earned, and the determination in the cited case throws no light whatever upon the question involved here.

We are of the opinion that the charge under consideration here fell legally upon the income. A life estate contemplates a usufruct; a right to enjoy a thing the property of which is in another, and draw from the same all the profit, utility, and advantage which it may produce, provided it be without altering the substance of the thing (39 Cyc. 874), and this necessarily involves the idea that the legitimate expenses shall come out of the income. In this particular case it is true that the life tenant is permitted to encroach upon the *corpus* of the estate if necessary for her proper maintenance, but this had already been adjudicated and provided for (*Matter of Frost*, 179 App. Div. 431), and it does not in any manner affect the principle involved. In *Matter of Boyle* (99 Misc. Rep. 418) the learned surrogate of Kings county correctly held this doctrine, upon abundant authority, and we do not feel that further discussion is necessary.

The decree, in so far as appealed from, should be modified making the entire cost of the surety bond a charge upon the income, with costs to the administrator appellant to be paid out of the income accounted for in the proceeding.

All concurred, except LYON, J., who dissented and voted that both should bear share of the bond.

Decree, in so far as appealed from, modified so as to make the entire cost of the surety bond a charge upon the income, with costs to the administrator appellant to be paid out of the income accounted for in the proceeding.